960 F.2d 156
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
NATIONAL AIR TRAFFIC CONTROLLERS ASSOCIATION, MEBA/NMU,
AFL-CIO, and Fred Shuffler, Petitioner,
v.
DEPARTMENT OF TRANSPORTATION and Federal Aviation
Administration, Respondents.
 No. 91-3524.
 United States Court of Appeals, Federal Circuit.
 March 19, 1992.
 
 Before LOURIE, CLEVENGER and RADER, Circuit Judges.
 CLEVENGER, Circuit Judge.
 
 
 1
 Fred Shuffler appeals an arbitrator's July 24, 1991 decision affirming his demotion by the Federal Aviation Administration (FAA) to GS-11, effective February 25, 1990. We reverse.
 
 
 2
 * This case comes before us for a second time. In the initial appeal, Shuffler and his union, the National Air Traffic Controllers Association (NATCA) argued, inter alia, that the arbitrator erred in accepting the government's unsupported assertion, made in its post-hearing brief to the arbitrator, that the FAA's performance standards had been approved by the Office of Personnel Management (OPM).
 
 
 3
 The government conceded that its failure to submit evidence of OPM approval of the performance standards was "a serious evidentiary problem." It renewed a previously-denied motion to remand the case to the arbitrator, in order to present such evidence. In an order dated April 11, 1991, this panel granted the government's motion in modified form, and remanded the case to the arbitrator "to consider whether to accept new evidence on the issue of OPM's approval of the FAA's Performance Appraisal System." Docket No. 90-3483.
 
 
 4
 On remand, the arbitrator held that the record could not be reopened to accept new evidence unless the evidence was not readily available to the proffering party before the record closed. Because the government possessed the evidence regarding OPM approval of the FAA performance standards at the time of the initial arbitration, the arbitrator refused to accept the proffered evidence. Nonetheless, he permitted the original decision upholding the agency's action to stand.
 
 II
 
 5
 Shuffler argues that OPM's validation of the performance standards was a required element of the government's case against him. Absent evidence on this point, he contends, the agency action against him cannot be maintained. The government does not contest this point. See Griffin v. Dep't of Army, 23 M.S.P.R. 657, 663 (1984); cf. Chennault v. Dep't of Navy, 796 F.2d 465, 468 (Fed.Cir.1986) (agency regulation, citing OPM approval of its performance appraisal system, sufficient proof of approval to sustain agency action). The government instead claims that the arbitrator abused his discretion in not accepting the evidence of OPM approval proffered to the arbitrator on remand, and that since that evidence demonstrates OPM approval of the FAA standards, this court may correct the abuse of discretion by deeming the record to include sufficient evidence of approval.
 
 III
 
 6
 We review decisions of an arbitrator in the same manner as we review those of the Merit Systems Protection Board (Board). 5 U.S.C. § 7121(f) (1988). Thus, we will uphold the arbitrator's decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). The government maintains that the arbitrator abused his discretion in refusing to reopen the case to accept new evidence.
 
 
 7
 An abuse of discretion may be found when (1) the decision of the trier of fact is clearly unreasonable or arbitrary; (2) the decision is based on an erroneous conclusion of the law; (3) findings are clearly erroneous; or (4) the record contains no evidence upon which the trier of fact rationally could have based its decision. Western Elec. Co. v. Piezo Technology, Inc., 860 F.2d 428, 430-31 (Fed.Cir.1988). Here, the arbitrator refused to reopen the record because he found that the government had the evidence in its possession at the time of the original arbitration. The government does not contest this fact finding; indeed, it admitted during the initial appeal that the failure to introduce the evidence was an "inadvertent oversight." When a party possesses evidence at the time of an original hearing, the court does not abuse its discretion in refusing to reopen the case for further proceedings based on that evidence. Azarkhish v. Office of Personnel Management, 915 F.2d 675, 678-79 (Fed.Cir.1990). Thus, we cannot agree with the government that the arbitrator abused his discretion when he declined to reopen this case to receive additional evidence.
 
 
 8
 OPM must approve an agency's performance appraisal system before the agency may take any actions against employees pursuant to such a statutorily-mandated system. 5 U.S.C. §§ 4302, 4304 (1988). The burden rests on the government to prove OPM approval by substantial evidence. 5 U.S.C. § 7701(c)(1)(A) (1988); Chennault, 796 F.2d at 466.
 
 
 9
 The government's "evidentiary problem" is more than "serious." It is fatal. The only evidence of OPM approval of the FAA system introduced was attorney argument contained in a post-hearing brief submitted to the arbitrator. Attorney argument does not constitute evidence. Johnston v. IVAC Corp., 885 F.2d 1574, 1581 (Fed.Cir.1989) (attorney argument is no substitute for evidence); In re Budge Mfg. Co., 857 F.2d 773, 776 (Fed.Cir.1988) (statements of attorney are "no evidence"). In order for the Board or an arbitrator to sustain an agency action under 5 U.S.C. § 4303, the agency must prove its case by substantial evidence. 5 U.S.C. § 7701(c)(1)(A) (1988). Here, the record before the arbitrator contains no evidence of OPM approval of the FAA standards. The government thus failed to make its case against Shuffler. The arbitrator's decision sustaining the FAA's demotion of Shuffler is therefore reversed. The FAA must cancel its February 25, 1990 demotion of Shuffler and award him the back pay and benefits to which he is entitled.